IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ROBERT LEE,** § | | |
| § | | |
| **Plaintiff,** § | | |
| v. § | | Cause No. 4:14-cv-02426 |
| § | | |
| **BASS COMPUTERS, INC.,** § | | |
| § | | |
| **Defendant.** § | | A Jury is Demanded |

# PLAINTIFF'S ORIGINAL COMPLAINT

Robert Lee, plaintiff, brings this action under the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 *et seq* (1994 ed. And Supp. III)("FLSA").  This is an individual action to recover unpaid overtime compensation, liquidated damages, and attorney's fees and costs owed to Plaintiff by Defendant.

## PARTIES

1.  Plaintiff, Robert Lee, was an "employee" of Defendant, as that term is defined by the FLSA.  During his employment with the Defendant, the Plaintiff was, individual, directly engaged in interstate commerce, and his work was essential to Defendant's business.  Plaintiff resides in Harris County, Texas.

2.  Defendant, Bass Computers, Inc., is a domestic corporation formed and existing under the laws of the State of Texas.  Defendant is a computer sales, recycling, and refurbishment company that operates in Houston, Texas and on the

Internet. Defendant employed Plaintiff as a computer sales man and recycler. With respect to Plaintiff, Defendant is subject to the provisions of the FLSA, as it was at all relevant times engaged in interstate commerce or was part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. §§203(r) and (s). The work of Defendant involves the actual movement of commerce and uses the channels of commerce through the purchase of materials and the use of those materials, including but not limited to materials which have been shipped in, dealing with computers, computer components, and other electronic items manufactured and injected into interstate commerce.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant and Plaintiff transacted business within this judicial district and the events underlying this complaint occurred within this judicial district.

## FACTS SUPPORTING RELIEF

4.      Defendant employed Plaintiff from December of 2009 through May 14, 2014. The Defendant employed Plaintiff as a computer sales person and recycler. Plaintiff was engaged in the repair, testing, sale, and maintenance of computer equipment, computers, components, and other electronic items. Plaintiff used materials, including various electronic components, to repair, refurbish, test, sell,

2

and recycle computers, computer equipment, computer components and other electronic items. During some or all of the workweeks of his tenure with the Defendant, the Plaintiff worked in excess of 40 hours per week. Plaintiff does not generally have access to Defendant's records and will provide additional detail after Defendant has provided records or initial disclosures have been made, if necessary.

5. During the weeks of employment where Plaintiff worked more than 40 hours, Defendant failed to pay Plaintiff the overtime premium required by the FLSA. Plaintiff was not paid for all the hours that he worked. Plaintiff worked Monday through Friday, 9 – 6, with a lunch period. On various Saturdays, Plaintiff was required to work on various Saturdays from some time beginning in December of 2011 through December of 2013. Plaintiff was paid, in cash, $100.00 for the time worked on Saturday. Plaintiff was given a $100 dollar bill as he passed through the metal detectors on the way out of the store. Plaintiff was required to work from 8:30 a.m. through 4:30 p.m. with 30 minutes for lunch. Plaintiff was not allowed to leave the store during lunch, but was required to eat lunch in the break room. Plaintiff was not allowed to clock in or clock out during the Saturday work sessions.

6. The individuals who would pay Plaintiff a $100 bill on the way out of the building on Saturday were Paul Mitchell, manager for the recycling department, Tanya Hall, manager for the E-Bay Department, and/or Paul Campbell, the younger brother of the owner.

7. At all times relevant to this case, the Defendant had knowledge of Plaintiff's regular and overtime work. Defendant approved Plaintiff's work and hours. Plaintiff's work benefitted Defendant.

8. Plaintiff was not paid on a salary or fee basis, and did not ever serve in the capacity of an executive, administrator, professional or outside sales representative, as those terms are understood pursuant to 29 C.F.R. §541. Plaintiff was not exempt from the protection of the FLSA.

9. The Defendant did not make a good faith effort to comply with the overtime provisions contained within the FLSA. Plaintiff was told by Defendant that he was working 8 hour days. Plaintiff was also denied his last paycheck.

10. Defendant's actions were willful and in blatant disregard for Plaintiff's federally protected rights.

11. Defendant is liable to Plaintiff under the FLSA for all unpaid wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

**CAUSE OF ACTION: VIOLATION OF THE FLSA OVERTIME**

12. Plaintiff incorporates all averments of fact into this First Cause of Action for violation of the FLSA overtime provisions.

13. The Defendant willfully denied Plaintiff's right to overtime compensation under the FLSA.

4

14. The FLSA prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek.

15. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid.

16. Plaintiff further seeks liquidated damages as Defendant's conduct is in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

17. Plaintiff also seeks compensation of recoverable expenses, costs of court, and reasonable and necessary attorney's fees pursuant to 29 U.S.C. §216(b).

18. Plaintiff has retained the law firm of Ross Law, P.C. to represent him in this suit.  Plaintiff has entered into a valid contract with Ross Law, P.C. and has appointed that firm and the undersigned counsel to be his sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff.  To avoid tortious interference with Plaintiff's obligations to his attorneys in this suit, all communications concerning this suit must be made by Defendant and Defendant's attorneys solely to and through the undersigned counsel.  Plaintiff's contract with and representation by Ross Law, P.C. and the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect from Defendants pursuant to 29 U. S. C. § 216(b).

## JURY DEMAND

19. Plaintiff demands a trial by jury on all claims he has asserted in this Complaint.

## PRAYER FOR RELIEF

Robert Lee, Plaintiff, prays that the Court assume jurisdiction of this cause and that Defendant be cited to appear. Plaintiff prays that the Court award the following relief, under law and equity, as applicable:

1. Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate and calculated at the proper minimum wage;

2. Judgment against Defendant that their violation of the FLSA was willful;

3. Judgment against Defendant for an amount equal to the unpaid wage damages as liquidated damages;

4. If liquidated damages are not awarded, an award of pre-judgment interest;

5. Post-judgment interest at the applicable rate;

6. All costs, recoverable expenses and attorney's fees incurred in prosecuting these claims;

7. Leave to amend to add claims under applicable state laws, if necessary; and,

8. For such further relief as the Court deems just and equitable to which Plaintiff is entitled.

Respectfully submitted,

**ROSS LAW GROUP**
/s/ Thomas H. Padgett, Jr.
**THOMAS H. PADGETT, JR.**
Texas Bar No. 15405420
Fed. ID:  11554
Attorney-in-Charge
1104 San Antonio St.
Austin, Texas 78701
Ph:  512-474-7677
Fax: 512-474-5306
tpadgett@rosslawgroup.com

**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio St.
Austin, Texas 78701
**ATTORNEYS FOR PLAINTIFF**